UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| TRACY BUSCH, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. |
| | ) | 5:20-cv-285-JMH |
| v. | ) | |
| | ) | |
| WARDEN QUINTANA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Petitioner Tracy Busch is a federal prisoner currently confined at the Federal Medical Center ("FMC")-Lexington located in Lexington, Kentucky. Proceeding without an attorney, Busch has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his sentence. [DEs 1, 7]. Respondent, the Warden of FMC-Lexington, has filed a response in opposition to the petition [DE 19], and Busch has filed a reply. [DE 23]. Thus, this matter is ripe for review.

### I.A.

In September 2005, in the United States District Court for the Southern District of Ohio, Busch was convicted by a jury of one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 1) and one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(e) (Count 2). *United States v. Busch*, 1:05-

1

cr-030-MRB-1 (S.D. Ohio 2005). The sentencing court found Busch to be an "Armed Career Criminal" subject to the sentencing enhancements provided by 18 U.S.C. § 924(e) based on three predicate violent felony convictions, including the following: 1) a 1995 aggravated assault conviction in violation of Ohio Revised Code § 2903.12; 2) a 1997 assault on a police officer conviction in violation of Ohio Revised Code § 2903.13; and 3) a 2000 assault on a police officer conviction in violation of Ohio Revised Code § 2903.13.

According to the Presentence Investigation Report ("PSR") prepared by the United States Probation Office, Busch was subject to a statutory mandatory minimum sentence for Counts 1 and 2 of 15 years imprisonment, with a maximum term of life imprisonment. [DE 21, PSR at ¶ 103 (citing 18 U.S.C. § 924(e)]. The PSR also calculated Busch's Guideline imprisonment range to be 262 to 327 months, based on a total offense level of 34[1] and a criminal history category of VI. [*Id.* at ¶ 104].[2]

---

[1] As explained in the PSR, Busch's Base Offense Level of 34 was based on his possession of the firearm charged in his federal offense in connection with an assault and robbery, which are crimes of violence. [DE 21 at ¶ 17 (citing U.S.S.G. § 4B1.4(b))]

[2] Prior to sentencing, the United States filed a motion for upward departure from the recommended sentencing guideline range on the grounds that: 1) pursuant to U.S.S.G. § 4A1.3(a)(1), Busch's criminal history category substantially under-represented the seriousness of his criminal history and the likelihood that he

2

In December 2005, Busch was sentenced to a term of imprisonment of 300 months on Counts 1 and 2, to be served concurrently.[3] *United States v. Busch*, 1:05-cr-030-MRB-1 (S.D. Ohio 2005) at DE 73, Judgment. The Judgment of the District Court was affirmed on appeal to the United States Court of Appeals for the Sixth Circuit. *United States v. Busch*, No. 06-3229 (6th Cir. June 6, 2007).

In March 2008, Busch filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, raising claims of ineffective assistance of counsel related to the requirement that he wear an electronic physical restraining device at trial. *United States v. Busch*, 1:05-cr-030-MRB-1 (S.D. Ohio 2005) at DE 85. This motion was denied in June 2008. *Id*. at DE 95. On appeal, the Sixth Circuit granted Busch a Certificate of Appealability and affirmed

---

would commit other crimes; and 2) pursuant to U.S.S.G. § 5K2.0, aggravating circumstances existed that were not adequately taken into consideration by the Guidelines.  *United States v. Busch*, 1:05-cr-030-MRB-1 (S.D. Ohio 2005) at R. 66.  The Court transcript of the sentencing hearing is not publicly available, nor was it submitted to the Court by the parties, so it is unclear whether this motion was granted or denied.

[3] Busch's sentence was within the Guideline range recommended by the PSR.  In its Judgment, the sentencing court noted that, pursuant to the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines were used for advisory purposes only.  *Id*. at R. 73, Judgment.

the district court's judgment. *United States v. Busch*, No. 08-3810 (6th Cir. Feb. 17, 2011).

**B.**

In 2016, Busch sought authorization from the Sixth Circuit to file a second or successive motion to vacate under 28 U.S.C. § 2255. In his motion, Busch argued that, in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he should not be subject to an enhanced sentence as an armed career criminal because his prior Ohio convictions for assault and aggravated assault no longer qualify as "violent felonies" under 18 U.S.C. § 924(e)(2)(B).[4] *In re. Tracy Busch*, No. 16-3204 (6th Cir. 2016). The United States opposed Busch's motion, arguing that Busch's prior convictions are all valid predicate convictions without reference to the ACCA's

---

[4] The Armed Career Criminal Act ("ACCA") provides a sentencing enhancement for offenders who have three or more prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e)(1). For purposes of this enhancement, a "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year…that – (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The italicized portion of this definition is known as the ACCA's "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2555-56 (2015). In *Johnson*, the Supreme Court held that the definition of a "violent felony" in the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague, thus imposing an increased sentence under that clause violates the due process guarantee of the Fifth Amendment. *Johnson*, 135 S. Ct. at 2563.

4

invalidated residual clause because each of Busch's offenses had, as an element, the use of force. *Id*. Thus, Busch's prior convictions each qualified as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i) (known as the "elements clause"), which provides that a qualifying prior "violent felony" conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

The Sixth Circuit granted Busch's motion to file a second or successive § 2255 petition, concluding that it was unclear whether Busch's 1997 and 2000 assault convictions qualified as "violent felonies" under the elements clause because the record did not definitely show whether those convictions arose under Ohio Revised Code § 2903.13(A) (which qualifies as a violent felony) or § 2903.13(B) (which is not a violent felony). Thus, Busch's second or successive § 2255 petition was transferred back to the District Court for further proceedings. *See In re. Tracy Busch*, No. 16-3204 (6th Cir. Aug. 15, 2016 Order). However, with respect to Busch's 1995 aggravated assault conviction, the Sixth Circuit recognized that, pursuant to then-binding *United States v. Anderson*, 695 F. 3d 390, 400 (6th Cir. 2012), an Ohio conviction for aggravated assault in violation of Ohio Rev. Code § 2903.12 is categorically a violent felony under the elements clause of § 924(e)(2)(B)(i). Thus, Busch's 1995 aggravated assault conviction remained a

5

violent felony post-*Johnson* because it did not qualify as a "violent felony" under the invalidated residual clause.

While Busch's second § 2255 motion was pending in the District Court, the Sixth Circuit overruled *Anderson*, concluding that "*Anderson* wrongly held that convictions under Ohio's felonious-assault and aggravated-assault statutes categorically qualify as violent-felony predicates." *United States v. Burris*, 912 F.3d 386, 402 (6th Cir. 2019). The *Burris* Court then analyzed whether Ohio's felonious-assault and aggravated-assault statutes are "divisible" statutes, applying the analysis refined by the United States Supreme Court in *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016).[5] The Court then concluded that Ohio's aggravated assault statute, Ohio Rev.

---

[5] In *Descamps* and *Mathis*, the Supreme Court clarified when a statute is "divisible" for purposes of determining whether a prior conviction qualifies as a valid predicate offense under the ACCA. Under these cases, an underlying statute is "divisible" when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52. In such circumstances, a sentencing court is permitted to apply the "modified categorical approach" and review the materials described in *Shepard v. United States*, 544 U.S. 13 (2005) - such as the indictment or jury instructions in the underlying trial – to determine whether the defendant was convicted of conduct that falls within the "generic" offense, and thus qualifies as a valid predicate under § 924(e). *Descamps*, 570 U.S. at 257-258, 260-265 (describing the history of the "modified categorical approach"); *Mathis*, 136 S. Ct. at 2248-50 (citing *Richardson v. United States*, 526 U.S. 813 (1999)).

Code § 2903.12, is divisible. *Burris*, 912 F.3d at 405. While subsection (A)(1) of that statute is too broad to qualify as a violent-felony predicate, the Sixth Circuit found that a conviction under subsection (A)(2) remains a violent-felony predicate under the ACCA elements clause. *Id.* at 406.

After *Burris* was issued, Busch filed multiple motions in the District Court seeking to amend and/or supplement his second or successive § 2255 motion to include a claim that his prior Ohio aggravated assault conviction was no longer a valid "violent felony" predicate under the ACCA. *See United States v. Busch*, 1:05-cr-030-MRB-1 (S.D. Ohio 2005) at DE 120, 121. However, the District Court denied these motions, finding that Busch's additional ground for relief was outside the scope of the narrow question identified by the Sixth Circuit for resolution, which was the identification of the subsection of Ohio Rev. Code § 2903.13 which formed the basis of Busch's prior assault convictions. The District Court explained that, in light of the "careful gatekeeping" to which successive habeas claims are subjected, "[t]o allow the compounding of successive claims on top of an already second or successive claim via the liberal amendment policies of the Federal Rules would be tantamount to ignoring the mandates of §§ 2244(b)(3)(A) and 2255(h)." *See United States v. Busch*, 1:05-cr-030-MRB-1 (S.D. Ohio 2005) at DE 126, p. 8.

7

With respect to the merits of Busch's remaining authorized claim, the District Court reviewed the relevant *Shepard* documents related to Busch's 1997 Ohio assault conviction and concluded that these documents "conclusively established" that Busch's conviction was under Ohio Rev. Code § 2903.13(A), which qualifies as a "violent felony" under the elements clause and, therefore, is not affected by *Johnson*. *Id*. at p. 10-11. Thus, the District Court denied Busch's second or successive § 2255 motion and declined to issue a certificate of appealability. *Id*.

The Sixth Circuit also denied Busch's application for a certificate of appealability. Busch argued to the Sixth Circuit that the District Court erred in concluding that his 1997 assault conviction arose under § 2903.13(A) and in declining to permit him to amend his successive § 2255 motion to include a challenge to his 1995 aggravated-assault conviction based on *Burris*. *Tracy Busch v. United States*, No. 19-4046 (6th Cir. May 20, 2020 Order). However, the Sixth Circuit concluded that reasonable jurist would not debate either the District Court's procedural ruling denying Busch's motion to amend his successive § 2255 motion, nor its determination that Busch's 1997 assault conviction qualified as a violent felony and that his armed-career-criminal sentence was proper. *Id*. at p. 3. Thus, the Sixth Circuit denied Busch's application for a Certificate of Appealability.

8

**C.**

Busch has now filed a petition for a writ of habeas corpus pursuant to § 2241 seeking relief from his sentence in this Court. [DEs 1, 7]. In his § 2241 petition, Busch argues that he is entitled to relief from his sentence in light of *Burris*, as well as the United States Supreme Court's decisions in *Descamps* and *Mathis*. Specifically, Busch argues that, post-*Burris*, his 1995 Ohio aggravated assault conviction is no longer a valid predicate felony for purposes of his designation as an armed career criminal under the ACCA. He seeks to pursue his claim in a § 2241 petition via the "savings clause" of 28 U.S.C. § 2255(h) on the grounds that he could not raise this claim in a § 2255 motion because the Sixth Circuit denied his request for authorization to do so in his second or successive § 2255 motion because *Anderson* was binding at the time.

However, the Court must dismiss Busch's § 2241 petition for lack of subject-matter jurisdiction because Busch has failed to show that § 2255 was inadequate or ineffective to test his sentence. *See Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021).

**II.**

While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," *Taylor*, 990 F.3d at 495, Section 2441's applicability

9

is severely restricted by 28 U.S.C. § 2255. *Id.* "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id.* (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). For this reason, a petition for a writ of habeas corpus filed pursuant to § 2241 must be filed in the judicial district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (because the only proper respondent to a habeas petition is the petitioner's custodian at the time of filing, it must be filed in the district court where the prisoner is incarcerated).

In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495. Thus, a federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). A motion to vacate, set aside, or correct a sentence pursuant to § 2255 is filed in the sentencing court,

10

"which…possess[es] greater knowledge (and records) of the case." *Taylor*, 990 F.3d at 495.

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a sentence in a § 2241 petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).

Rather, to properly invoke the savings clause of § 2255(e) in the context of a challenge to a sentencing enhancement, a petitioner must show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016). Further, the petitioner's claim must be based upon a decision of the United States Supreme Court; a decision of a Circuit Court of Appeals will not do. *Hueso v. Barnhart*, 948 F. 3d 324, 326 (6th Cir. 2020). Finally, "a federal prisoner cannot bring

11

a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Busch does not meet the foregoing requirements. First, Busch has not identified a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required. Instead, Busch relies upon the Sixth Circuit's decision in *Burris* which is not a Supreme Court decision. In *Hueso*, 948 F.3d 324 (6th Cir. 2020), the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Hueso*, 948 F.3d at 333 (emphasis added). *See also Hill*, 836 F.3d at 600 (limiting its decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court").

True, Busch also cites *Mathis* and *Descamps*, both of which are Supreme Court cases issued after Busch filed his initial § 2255 motion in 2008. But Busch did not need the divisibility analysis as refined by *Mathis* or *Descamps* to set forth the substance of his argument – that Ohio's aggravated assault statute sweeps more broadly than a generic assault offense, thus his prior aggravated

12

assault conviction is not a valid ACCA predicate. Rather, this is an argument based squarely upon *Taylor v. United States*, 495 U.S. 575, 599-66 (1990), and was available to Busch at sentencing, on direct appeal, and when he filed his initial § 2255 motion in 2008. Thus, he cannot pursue it in a § 2241 petition. *Wright*, 939 F. 3d at 705 ("But as the government points out, Wright's claim never needed *Mathis*. To be sure, Wright could not cite *Mathis*, specifically, before it existed. But a claim for habeas relief is more than the talismanic force of a new case name. A new case matters only, if at all, because of the new legal arguments it makes available."). *See also Descamps*, 570 U.S. at 261 (noting that "*Taylor* recognized a 'narrow range of cases' in which sentencing courts — applying what we would later dub the 'modified categorical approach' — may look beyond the statutory elements to 'the charging paper and jury instructions' used in a case") (quoting *Taylor*, 495 U.S. at 602).

Nor did the Sixth Circuit's holding in *Anderson* present an obstacle to Busch's ability to raise his challenge to the use of his prior Ohio aggravated assault conviction as a predicate "violent felony" in his initial § 2255 motion. Busch filed his initial § 2255 motion in 2008, but *Anderson* was not decided until 2012. And, unlike the petitioner in *McCormick v. Butler*, 977 F.3d 521, 527 (6th Cir. 2020), Busch's initial § 2255 motion made no

13

argument that his ACCA predicate offenses were not properly analyzed under the categorical approach (nor otherwise raised any challenge to the validity of his predicate offenses for purposes of his ACCA enhancement), notwithstanding that such an argument was available to Busch under *Taylor* and was not precluded by *Anderson*. Rather, as in *Wright*, 939 F.3d at 705-706, the *substance* of Busch's claim was available to Busch in 2008, yet he did not raise it at that time.

Busch has not "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal…, or in an initial § 2255 motion." *Wright*, 939 F.3d at 706. Thus, because Busch cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he cannot now use the saving clause to get another bite at the apple. *Id*. at 706. Because Busch fails to establish that a § 2255 motion is inadequate or ineffective to challenge his sentence, this Court may not entertain his § 2241 petition and must dismiss it for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

Because this Court does not have jurisdiction over Busch's § 2241 petition, it is without authority to address the Government's claim that Busch was convicted of violating Ohio Rev. Code § 2903.12(A)(2), which remains a "violent felony" post-*Burris*. In addition, because Busch's § 2241 petition will be dismissed, his

14

motion for ruling or release on bail [DE 26] and his "emergency petition to stop transfer during pendency of habeas corpus proceedings" [DE 29] will be denied as moot.

Accordingly, the Court hereby **ORDERS** as follows:

1) Busch's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DEs 1, 7] is **DISMISSED** for lack of subject-matter jurisdiction;

2) Busch's motion for ruling or release on bail [DE 26] and his "emergency petition to stop transfer during pendency of habeas corpus proceedings" [DE 29] are **DENIED AS MOOT;**

3) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

4) A corresponding Judgment will be entered this date.

This 21st day of July, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

15